UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Lee Vance, | ) C/A No. 6:11-03460-JMC-KFM |
| Plaintiff, | ) |
| vs. | ) |
| United States of America;<br>Eric H. Holder, Jr., AG;<br>Harold Lappin, Dir. BOP;<br>John Does, 1 to 50;<br>Jane Does, 1 to 50, | )<br>)<br>) **Report and Recommendation**<br>) |
| Defendants. | ) |

Ricky Lee Vance ("Plaintiff"), a self-represented federal prisoner, brings this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 . This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Federal Correctional Institution (FCI) Edgefield and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names federal employees as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

*FACTS PRESENTED*

Plaintiff states that he was paralyzed in a stabbing incident in 1998, while housed as a federal prisoner at the United States Penitentiary (USP) Beaumont, Texas. ECF No. 1-1, page 1. The day before he was injured, Plaintiff was called to the "Lt. Office," where

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Plaintiff was told that "someone drop[ped] a note on [him]." *Id.* The unidentified officer asked Plaintiff whether he was having any problems with anyone, but did not tell Plaintiff what the note said. *Id.* Plaintiff replied that he was not having any problems, but asked to be locked up "until they could check into this and see what was happening." *Id.* Plaintiff was informed that they "didn't do that at USP Beaumont, TX and [he] was told to go back to the compound." *Id.*

After the assault, Plaintiff was taken to the University of Texas Medical Branch Hospital, in Galveston, Texas, for treatment. *Id.* at 2. Plaintiff was told that he would need therapy, however, "the B.O.P. in Terre Haunt [sic] Ind. would not give [him] any." *Id.* Plaintiff states that he now requires the use of a leg brace and wheelchair. *Id.* at 1. Plaintiff also reports pain and trouble sleeping. *Id.*

Plaintiff seeks immediate transfer to a rehabilitation center, one million dollars in actual damages for suffering, five million dollars for punitive damages, and placement in a community correction center or convalescent medical center in Virginia or Tennessee for the remainder of his sentence. ECF No. 1, page 6.

*APPLICABLE LAW AND ANALYSIS*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

2

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To the extent Plaintiff alleges constitutional violations by federal employees, the Complaint is construed as an action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994);

3

*Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

A legal action under § 1983 or *Bivens* allows "a party who has been deprived of a federal right under the color of state [or federal] law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983/*Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Further, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Reaves v. Richardson*, C/A No. 4:09-820-TLW-SVH, 2011 WL 2119318 at *6 (D.S.C. March 1, 2011); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011).

The instant Complaint names the United States of America, United States Attorney General, Eric H. Holder, Jr., the Director of the Bureau of Prisons, Harold Lappin[2], and several unidentified John and Jane Doe defendants. Plaintiff alleges that he spoke to one unidentified Lieutenant at USP Beaumont the day prior to the 1998 stabbing incident. ECF No. 1-1, page 1. However, the Complaint fails to allege that any of the other Defendants personally violated any of Plaintiff's rights. Although the Court must liberally construe the

---

[2] This correct spelling of this Defendant's name is as follows: Harley Lappin.

4

*pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Therefore, any individual capacity claims Plaintiff may be asserting against Defendant Holder, Defendant Lappin, and all, except one, of the John/Jane Doe Defendants are subject to summary dismissal.

Liberally construed, the Complaint also appears to be asserting claims against the Defendants in their official capacities. However, a claim against a federal employee in his or her official capacity is tantamount to a suit against the Government, and sovereign immunity bars such an action. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). *See also Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999)("While *Bivens* actions allow for recovery of money damages against federal officials . . .*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."). "Because the United States has not waived sovereign immunity in suits claiming constitutional torts," Defendant United States of America, Defendants Holder, Lappin, John Doe(s), and Jane Doe(s) are protected from any official capacity claim for monetary damages Plaintiff may be asserting pursuant to *Bivens. Reinbold*, 187 F.3d at 566 n.7.

Next, Plaintiff's claims for relief, both monetary and injunctive, are subject to summary dismissal in any event for failure to state a claim upon which relief can be

granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii);1915A(b)(1). Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *See also Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994). Based on these precedents, the issue is whether an inmate, who has suffered injury, has alleged that the prison official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). The instant Complaint alleges that one unidentified officer knew that "someone [had] drop[ped] a note" on Plaintiff. However, the Complaint provides insufficient factual allegations to demonstrate that any of the Defendants were aware of a specific known risk of harm or "wantonly" failed to take precautions for Plaintiff's safety. Further, Plaintiff fails to identify any defendant responsible for his alleged denial of therapy while incarcerated in Terre Haute, Indiana. Thus, Plaintiff's deliberate indifference claims are subject to summary dismissal.

The Complaint's allegations may also be construed as claims of negligence. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983/*Bivens*. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d792, 793-94 (4th Cir. 1987). Therefore, any negligence claims raised by Plaintiff, under § 1983/*Bivens*, are also subject to summary dismissal.

6

Finally, to the extent that Plaintiff is attempting to allege a Federal Tort Claims Act (FTCA) claim against the United States based on negligence of the named Defendants, the Complaint should be summarily dismissed. While the "United States" is the proper Defendant in a FTCA case, an injured party may sue the United States for damages allegedly caused by a federal agency, officer, or employee only in specific and limited circumstances.[3] Such specific and limited circumstances are not shown under this Complaint because there is no indication that Plaintiff complied with FTCA pre-suit requirements in a timely fashion prior to filing this lawsuit.[4]  *See Henderson v. United States*, 785 F.2d 121, 123 n.7 (4th Cir. 1986). The burden is on the plaintiff in a FTCA case to prove that he completed all the conditions precedent to filing a lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976). Therefore, Plaintiff's claims under the Federal Tort Claims Act should be summarily dismissed.

---

[3] *See* 28 U.S.C. § 1346, 2674. The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

[4] For example, within two years of the discovery of the subject personal injuries, an administrative claim must be filed on the "Standard Form 95" with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 U.S.C. § 2401 (administrative claim must be filed "within 2 years after such claim accrues"); 28 C.F.R. § 14.2 (references standard form 95 and methods of presentation of claim to applicable agency).

## *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

January 17, 2012                                   s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).