IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ricky Lee Vance, | ) | |
| | ) | C.A. No. 6:11-cv-03460-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| United States of America, | ) | |
| Eric H. Holder, Jr., AG; Harold Lippin[1] | ) | |
| Director of Bureau of Prisons; | ) | |
| John Does, 1 to 50; | ) | |
| Jane Does, 1 to 50; | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Doc. 9], filed on January 17, 2012, recommending that the Plaintiff's Complaint [Doc. 1], be dismissed without prejudice to allow Plaintiff to allege facts that support a claim for relief. Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. §1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

---

[1]This correct spelling of this Defendant's name is as follows: Harley Lappin.

1

U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Doc. 9 at 9]. However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After careful review of these documents, the Court **ACCEPTS** the Report. [Doc. 9]. Therefore, for the reasons articulated by the Magistrate Judge, the above listed case is **DISMISSED**, without prejudice to allow Plaintiff to allege facts that support a claim for relief.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

Greenville, South Carolina